UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN HOME ASSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 02-3842** |
| **LIBERTY MUTUAL INSURANCE COMPANY** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Liberty Mutual Insurance Company's "Motion for Partial Summary Judgment" dismissing American Home Assurance Company's bad faith claims is **GRANTED**. (Document #141.)

### BACKGROUND

The facts of this case are well documented, and only the facts relevant to this motion are repeated here. The Dana entities notified Liberty of the January 7, 2001 accident on September 18, 2001. Liberty Mutual Insurance Company (Liberty) began an investigation of the claim under its garage liability policy, consulted with counsel concerning coverage under the policy, and concluded that the leased auto exclusion precluded coverage because the vehicle was leased to another.

Prior to the mediation of the Godeaux suit, American Home Assurance Company

(American Home) learned from Ron Dana that Crowley had a separate maintenance agreement with Dana Container, and Dana Container performed the repairs.  Before this time, Liberty believed that Dana Transport had performed the repairs; therefore, American Home requested that Liberty reconsider its coverage opinion.  Liberty concluded that the leased auto exclusion applied to a leased vehicle regardless of which insured entity performed the repairs.   American Home paid the $1,000,000 policy limit to settle the Godeaux claims and reserved its rights to recover the settlement amount and defense costs.

American Home filed a complaint to alleging, *inter alia*, that Liberty acted in bad faith in 1) determining that there was no coverage for negligent garage operations under the Garage Liability Policy, and 2) deciding not to participate in the settlement of the Godeaux claim and defend its insured.  Liberty filed a motion for partial summary judgment to dismiss the "bad faith" claims alleged by American Home.

## II. DISCUSSION

Liberty contends that American's Home's allegations that Liberty's determination that its policy was not applicable and its decision not to participate in the settlement of the Godeaux claim do not rise to the level of a bad faith claim under either La. Rev. Stat. 22:658 or 22:1220. Liberty contends that a bad faith lies where a duty expressly listed in 22:658 or 22:1220 has been breached.  See Theriot v. Midland Risk Ins. Co., 694 So.2d 184, 188 (La. 1997) (22:1220(B) "constitutes an exclusive list of the types of conduct for which damages and penalties can be sought by insureds and third-part claimants pursuant to the statute.").  Liberty argues that a failure to settle a claim on behalf of an insured does not state a claim under either section 22:658

or 22:1220.

"[S]tatutes subjecting insurers to penalties are to be considered penal in nature and should be strictly construed." Theriot v. Midland Risk Insurance Company, 694 So.2d 184 (La. 1997). Section 22:658 concerns a failure to pay claims timely, and section 22:1220 enumerates five types of conduct which may subject an insurer to damages and penalties:  misrepresenting pertinent facts or insurance policy provisions relating to any coverage issue; failing to pay a settlement with 30 days after an agreement is reduced to writing; denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to or the knowledge or consent of the insured; misleading a claimant as to the applicable prescriptive period; and failing to pay the amount of any claim due an insured by the contract within 60 days after receipt of proof of loss . . . when such failure is arbitrary, capricious, or without probable cause.  Section 22:658 provides:  "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss."

The evidence does not support the conclusion that Liberty's conduct was arbitrary and capricious.  The coverage issue is a reasonable one, and even American Home's counsel initially believed that there was no coverage under the Liberty policy.  Liberty investigated the claim and obtained two legal opinions from Liberty's counsel.  Liberty mounted a vigorous defense and raised nonfrivolous arguments in support of its position.

There are no disputed issues of material fact, and Liberty is entitled to partial summary

judgment dismissing American Home's bad faith claims.

New Orleans, Louisiana, this  11th  day of September, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**